UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14007-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHEVON DAMIAN MOOKLAL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1. I convened a hearing to permit the Defendant to change his plea in this criminal case on June 16, 2023.

2. I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which has been entered into by the parties in this case. (DE 26). I reviewed the Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. The Defendant pleaded guilty to the sole count of the Indictment, which charges him with possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).

5. I reviewed with the Defendant the maximum penalties. The Defendant acknowledged that he understood the maximum penalties that could be imposed in his case.

6. The parties submitted a written Factual Proffer ("Stipulation") which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. (DE 27). The Stipulation was read into the record and will be filed in this case. The Defendant acknowledged that he signed the Stipulation, understands it, and has had the opportunity to fully discuss it with his attorney. The Defendant agreed that the Stipulation accurately sets forth the facts in his case as he understands them to be. I find that the Stipulation sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

7. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to the Indictment freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty as charged in the Indictment.

8. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's plea of guilty be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 22nd day of June, 2023.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE